IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01427-BNB

LEE B. JOHNSON,

    Plaintiff,

v.

MARITA J. KEELING, M.D., P.C.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Lee B. Johnson, initiated this action by filing *pro se* a Title VII Complaint. On June 22, 2009, the court ordered Mr. Johnson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 3, 2009, Mr. Johnson filed his amended complaint asserting claims pursuant to the Title II, Subchapter A, of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 - 12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

The court must construe the amended complaint liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Johnson will be ordered to file a second amended complaint.

The court notes initially that the amended complaint filed by Mr. Johnson is not

signed. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." The signature page submitted by Mr. Johnson separately from his amended complaint does not comply with Rule 11(a). However, Mr. Johnson will not be required to resubmit a signed copy of the amended complaint because he will be ordered to file a second amended complaint. Mr. Johnson is advised that the second amended complaint he must file in response to this order must be signed.

The court has reviewed the amended complaint and finds that, although Mr. Johnson has made a good-faith effort to comply with the court's June 22 order, the amended complaint still fails to comply with the pleading requirements of Fed. R. Civ. P. 8. As Mr. Johnson previously was informed, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).* The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).* Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

As noted above, it is clear that Mr. Johnson is asserting claims of disability-based discrimination pursuant to Title II of the ADA and Section 504 of the Rehabilitation Act. However, Mr. Johnson fails to provide a short and plain statement of his disability-based discrimination claims in the amended complaint. For one thing, Mr. Johnson alleges on page two of the amended complaint that "Defendant has failed to insure [sic] their roadways and intersection are accessible to individuals who are blind," an allegation that has no apparent relevance to any claim being asserted in this action.

Furthermore, although Mr. Johnson lists only one Defendant in the caption of the amended complaint, he lists two other individuals as additional parties on page three of the amended complaint. In addition, although Mr. Johnson's specific claims in the amended complaint are asserted against a singular "Defendant," he describes this singular "Defendant" in the plural as "public entities" and "recipients of federal funding." (Am. Compl. at unnumbered p. 8.) As a result, it is not clear whether Mr. Johnson is asserting claims against only one Defendant or multiple Defendants.

Finally, the substantive bases for Mr. Johnson's disability-based discrimination claims are unclear because he does not allege that he suffered any discrimination on the basis of a disability. Instead, Mr. Johnson alleges that he was denied a psychological evaluation because he filed a prior discrimination lawsuit against doctors who treated him in the past. However, Mr. Johnson fails to provide any details of his

prior discrimination lawsuit that would explain how the prior lawsuit provides the basis for his disability-based discrimination claims in this action. In particular, Mr. Johnson does not allege the factual basis for his discrimination claims in the prior lawsuit, including the nature of the alleged discrimination that was the basis of the prior lawsuit.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Johnson will be ordered to file a second amended complaint. Accordingly, it is

ORDERED that Mr. Johnson file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Johnson, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Johnson fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 15, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01427-BNB

Lee B. Johnson
1201 Clarkson St. Apt. 103
P.O. Box 18633
Denver, CO 80218

   I hereby certify that I have mailed a copy of the **ORDER** and two copies of the **Complaint form** to the above-named individuals on 9/15/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk