IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01427-BNB

LEE B. JOHNSON,
    Plaintiff,

v.

MARILA J. KEELING, MD., PSY D,
    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Lee B. Johnson initiated this action by filing *pro se* a Title VII Complaint alleging that he had been denied medical care. On June 22, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Johnson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland specifically noted in his June 22 order that Mr. Johnson failed to set forth either a short and plain statement of the grounds for the Court's jurisdiction or a short and plain statement of his claims showing that he is entitled to relief because, despite using the Court's Title VII Complaint form, Mr. Johnson did not assert any claims of employment discrimination pursuant to Title VII. On September 3, 2009, Mr. Johnson filed an amended complaint asserting claims pursuant to Title II, Subchapter A, of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 - 12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

On September 15, 2009, Magistrate Judge Boland entered an order directing Mr. Johnson to file a second amended complaint because the amended complaint filed on

September 3, 2009, was not signed and still failed to comply with the pleading requirements of Rule 8. Once again, Magistrate Judge Boland determined that Mr. Johnson failed to set forth a short and plain statement of his claims showing that he is entitled to relief. In particular, Magistrate Judge Boland noted that Mr. Johnson failed to allege that he suffered any discrimination on the basis of a disability. Magistrate Judge Boland also noted that it was not clear whether Mr. Johnson was asserting claims against one Defendant or multiple Defendants. On October 19, 2009, Mr. Johnson filed a second amended complaint.

On October 23, 2009, Magistrate Judge Boland ordered Mr. Johnson to file a third amended complaint because the second amended complaint filed on October 19 was not on the proper form as required by the Court's local rules. *See* D.C.COLO.LCivR 8.1A. Magistrate Judge Boland reminded Mr. Johnson in his October 23 order that the third amended complaint must comply with the pleading requirements of Rule 8. On November 23, 2009, Mr. Johnson filed a third amended complaint. However, the third amended complaint was not signed.

On November 30, 2009, Magistrate Judge Boland entered an order directing Mr. Johnson to file a third amended complaint that is signed. Magistrate Judge Boland again reminded Mr. Johnson that the third amended complaint must comply with the pleading requirements of Rule 8. In particular, Magistrate Judge Boland noted that the allegations in pages 5-10 of the unsigned third amended complaint filed on November 30 were confusing and did not follow logically from the clearly asserted allegations in the first four pages of the third amended complaint. On January 4, 2010, Mr. Johnson filed a signed third amended complaint.

The Court must construe the third amended complaint filed on January 4, 2010, liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the third amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court has reviewed the third amended complaint filed on January 4 and finds that the third amended complaint still fails to comply with the pleading requirements of Rule 8. As Magistrate Judge Boland advised Mr. Johnson, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Johnson still fails to provide a short and plain statement of his claims showing that he is entitled to relief. First, the third amended complaint filed on January 4, which actually is a combination of various pages from the second amended complaint filed on October 19 and the unsigned third amended complaint filed on November 23, is confusing and difficult to understand. Although the pages in the third amended complaint filed on January 4 are renumbered as one continuous document, a number of pages either begin or end in the middle of a sentence. As a result, the allegations in the third amended complaint filed on January 4 do not always follow logically from one page to the next. Furthermore, although Mr. Johnson has renumbered the paragraphs in the third amended complaint filed on January 4 in an effort to create one continuous document, there are gaps in the renumbered paragraphs. For example, the third amended complaint filed on January 4 skips from paragraph 7 on page 3 to paragraph 12 on page 4 and from paragraph 31 on page 8 to paragraph 39 on page 9.

More importantly, the substance of the signed third amended complaint fails to provide a short and plain statement of Mr. Johnson's claims showing that he is entitled to relief. Mr. Johnson describes this action as asserting violations of the ADA and the Rehabilitation Act. However, he still fails to provide a clear statement of the disability-based discrimination claims he apparently intends to assert in this action. Although Mr.

Johnson alleges clearly that he was referred to Defendant for medical treatment and that Defendant did not treat him, he does not allege that he was denied treatment because of a disability. Instead, Mr. Johnson alleges that he was denied treatment because of his race. As a result, it is not clear what specific claims Mr. Johnson may be asserting in this action.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Magistrate Judge Boland specifically advised Mr. Johnson in his June 22, 2009, order that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also repeatedly reminded Mr. Johnson that he must comply with the pleading requirements of Rule 8. Despite these specific instructions, Mr. Johnson has failed to file an amended complaint that provides a short and plain statement of his claims showing that he is entitled to relief as required by Rule 8. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, all of the amended complaints, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 21st day of January, 2010.

BY THE COURT:

*[signature]* for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01427-BNB

Lee B. Johnson
1201 Clarkson St. Apt. 103
P.O. Box 18633
Denver, CO 80218

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/22/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk